# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>VANESSA CEBALLOS,<br><br>　　　　Defendant. | Case No. 1:14-cv-00210-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDERS<br><br>(ECF Nos. 41, 44)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant Ceballos for deliberate indifference in violation of the Eighth Amendment. For the reasons that follow, the Court recommends that this action be dismissed, with prejudice.

**I.　　Background**

On January 22, 2018, Defendant Ceballos filed a motion for summary judgment. Fed. R. Civ. P. 56. (ECF No. 37.) Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1988); Klingele v. Eikenberry, 849 F.2d 409, 411–12 (9th Cir. 1988). (ECF No. 37, pp. 5–6.)

1

On February 5, 2018, Plaintiff filed a two-page document entitled "Oppose Summary Judgment Opposition to Summary Judgment." (ECF No. 39.) Plaintiff stated that, at the time of filing, Coalinga State Hospital was totally locked down with no movement, meaning that Plaintiff lacked access to a law library and legal paper. (Id.) In light of Plaintiff's filing, the Court granted Plaintiff a further opportunity to file an opposition or statement of non-opposition to Defendant's motion for summary judgment within thirty (30) days. Plaintiff was warned that failure to comply with that order would result in dismissal of this action or in summary judgment in favor of Defendant. (ECF No. 41.) Plaintiff did not file a response or otherwise communicate with the Court within the time allotted.

On May 10, 2018, the Court ordered Plaintiff to show cause within fourteen (14) days why this action should not be dismissed, with prejudice, for Plaintiff's failure to obey the Court's order and for failure to prosecute. Plaintiff was warned that failure to comply with the Court's order would result in dismissal of this matter, with prejudice. (ECF No. 44.) Plaintiff has failed to submit any response to Defendant's motion for summary judgment and has not otherwise communicated with the Court.

**II.  Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

///

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditions resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

Here, the action has been pending for more than four years, and Plaintiff's response or opposition to Defendant's motion for summary judgment is overdue. Plaintiff is obligated to comply with the Local Rules and was informed by Defendant of the need to oppose a motion for summary judgment. Despite Plaintiff's duty to comply with all applicable rules and Defendant's notice, Plaintiff did not file a proper opposition. Plaintiff remained incommunicative after being another opportunity by this Court to respond to the pending motion, and after a further order from this Court to show cause why this action should not be dismissed. The Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal of this action.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). Because public policy favors disposition on the merits, the fourth factor usually weighs against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives requirement." Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's March 30, 2018 order requiring Plaintiff to respond to the motion for summary judgment expressly warned him that the failure to comply with that order would result in dismissal of this action or in summary judgment in favor of Defendant. (ECF No. 41, p. 2.) The Court's May 10, 2018 order to show cause

further warned Plaintiff that his failure to comply with the Court's order would result in the dismissal of this matter, with prejudice. (ECF No. 44, p. 2.) Thus, Plaintiff had adequate warning that dismissal of this action could result from his noncompliance. At this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating this case.

In summary, Plaintiff is no longer prosecuting this action, and the Court cannot afford to expend resources resolving unopposed dispositive motions in a case which Plaintiff is no longer prosecuting.

### III. Conclusion and Recommendation

Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to prosecute and for failure to obey a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 4, 2018**        /s/ *Barbara A. McAuliffe*
                                                           UNITED STATES MAGISTRATE JUDGE